JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JOrr@GGTriallaw.com*

Attorneys for Plaintiff
Justin Froby

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN FROBY, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1) TORTIOUS DISCHARGE;** |
| VALLEY HEALTH SYSTEM LLC, a Delaware limited liability company, | **(2) DISCRIMINATION (N.R.S. § 613.330);** |
| Defendant. | **(3) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| | **(4) RETALIATION (N.R.S. § 613.340);** |
| | **(5) RETALIATION (42 U.S.C. § 12203 *et seq.*);** |
| | **(6) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);** |
| | **(7) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));** |
| | **(8) FMLA INTERFERENCE;** |
| | **(9) RETALIATION IN VIOLATION OF THE FMLA.** |
| | **DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Justin Froby ("Plaintiff" or "Mr. Froby") alleges as follows:

**JURISDICTION AND VENUE**

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 29 CFR § 825.220, 42 U.S.C. § 12112 *et seq*., and 42 U.S.C. § 12203 *et seq.*

3.    The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

**NATURE OF THE ACTION**

5.    This action arises from Defendant Valley Health System's unlawful discrimination and retaliation against Plaintiff Mr. Froby, who began working as an Emergency Room Technician in September 2012. After suffering a serious workplace injury in April 2022 and later a life-threatening Type B aortic dissection in February 2025—both qualifying disabilities—Mr. Froby filed a workers' compensation claim and took approved FMLA leave through May 2025. Despite his protected status, Defendant forced him to return from leave early under threat of termination and improperly disciplined him for medical absences. On or about May 14, 2025, Defendant terminated Mr. Froby's employment on false and pretextual grounds, in discrimination for his disabilities and retaliation for his protected activity.

**PARTIES**

6.    Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7.    Defendant Valley Health System, LLC ("Valley Health System") is a Delaware limited liability company that conducts business in Clark County.

**FACTUAL ALLEGATIONS**

8.    Mr. Froby began working for Valley Health System in September 2012 as an Emergency Room Technician.

-2-

9. In April 2022, Mr. Froby suffered a serious workplace injury struck by a violent patient, resulting in a concussion and other injuries that qualified as disabilities under the ADA and Nevada law. Mr. Froby filed a workers' compensation claim for his workplace injury.

10. In February 2025, Mr. Froby was hospitalized for ten days with a Type B aortic dissection, a life-threatening cardiovascular condition constituting a serious health condition and disability, for which he took approved FMLA leave through May 2025.

11. Despite his approved leave, Valley Health System forced Mr. Froby to return to work early under threat of job loss and issued him disciplinary write-ups that improperly counted his protected medical absences as unexcused. Mr. Froby contemporaneously disputed this illegal discipline.

12. On or about May 14, 2025, Valley Health System terminated Mr. Froby's employment based on false and pretextual bases. In reality, Valley Health System wrongfully terminated Mr. Froby in discrimination based on his disabilities and in retaliation for his protected activity.

13. *Summary of Plaintiff's Protected Statuses and Activity*: Mr. Froby is an individual with disabilities, including a Type B aortic dissection and traumatic brain injury resulting from a workplace assault. Mr. Froby's protected activities included filing a workers' compensation claim, taking FMLA leave for a serious health condition, requesting reasonable accommodations for his disabilities, taking leave for his disabilities, and complaining about violations of the FMLA.

14. On February 27, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 2, 2026, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

15. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

16. *Reckless Indifference and Conscious Disregard*: Defendant Valley Health System, LLC knew of the probable economic harm and emotional distress that would ensue as a result of the

-3-

wrongful conduct perpetrated. Yet Defendant Valley Health System, LLC willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

17.    *Malice*: The conduct of Defendant Valley Health System, LLC was committed with malice, including that (a) Defendant Valley Health System, LLC acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Valley Health System, LLC was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

18.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Valley Health System, LLC against Plaintiff were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

19.    *Fraud:* In addition, and/or alternatively, the conduct of Defendant Valley Health System, LLC, as alleged, was fraudulent, including that Defendant Valley Health System, LLC asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

20.    Further, Defendant Valley Health System, LLC is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Valley Health System, LLC had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

/ / /

/ / /

/ / /

-4-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## FIRST CLAIM FOR RELIEF

### Tortious Discharge

### (Plaintiff Justin Froby against Defendant Valley Health System, LLC)

21.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

22.     Plaintiff was employed by Defendant Valley Health System, LLC.

23.     Plaintiff suffered a workplace injury and informed Defendant Valley Health System, LLC of the same, triggering an obligation to file a workers' compensation claim on Plaintiff's behalf.

24.     Defendant Valley Health System, LLC had actual or constructive knowledge of Plaintiff's actions.

25.     The decision of Defendant Valley Health System, LLC to discharge plaintiff was proximately caused by Plaintiff's actions and was in derogation of the public policy of the State of Nevada.

26.     Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

27.     The acts of Defendant Valley Health System, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Valley Health System, LLC, and to make an example of and deter Defendant Valley Health System, LLC from engaging in such conduct in the future.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Justin Froby against Defendant Valley Health System, LLC)**

28.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

29.     Plaintiff was employed by Defendant Valley Health System, LLC, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

30.     The acts and omissions of Defendant Valley Health System, LLC, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

31.     Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

32.     Plaintiff charges that Defendant Valley Health System, LLC discriminated against the Plaintiff based on his protected status or statuses.

33.     As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

34.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

35.     The acts of Defendant Valley Health System, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an

award of punitive and exemplary damages in an amount sufficient to punish Defendant Valley Health System, LLC, and to make an example of and deter Defendant Valley Health System, LLC from engaging in such conduct in the future.

### THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Justin Froby against Defendant Valley Health System, LLC)**

36. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

37. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

38. Defendant Valley Health System, LLC, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

39. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

40. Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

41. Defendant Valley Health System, LLC took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

42. The discriminatory acts of Defendant Valley Health System, LLC constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

43. The discriminatory acts of Defendant Valley Health System, LLC have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

44. The acts of Defendant Valley Health System, LLC alleged herein were undertaken

with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Valley Health System, LLC, and to make an example of and deter Defendant Valley Health System, LLC from engaging in such conduct in the future.

45.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FOURTH CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

### (Plaintiff Justin Froby against Defendant Valley Health System, LLC)

46.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

47.    Plaintiff was employed by Defendant Valley Health System, LLC.

48.    Plaintiff engaged in protected activity.

49.    Defendant Valley Health System, LLC was aware of Plaintiff's protected activity.

50.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

51.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

52.    The conduct of Defendant Valley Health System, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

53.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the

-8-

inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Valley Health System, LLC, and to make an example of and deter Defendant Valley Health System, LLC from engaging in such conduct in the future.

54.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## FIFTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 12203 *et seq.*

### (Plaintiff Justin Froby against Defendant Valley Health System, LLC)

55.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

56.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

57.    Plaintiff was an "employee" of Defendant Valley Health System, LLC, as defined by 42 U.S.C. § 12111(4).

58.    Defendant Valley Health System, LLC was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well as against any person for requesting an accommodation as provided under the same the statute.

59.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq.* and/or requested an accommodation as provided under the same statute.

60.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Valley Health System, LLC engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

61.    The conduct of Defendant Valley Health System, LLC constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for

-9-

an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

62. The conduct of Defendant Valley Health System, LLC alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits, in an amount according to proof at trial.

63. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## SIXTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Justin Froby against Defendant Valley Health System, LLC)**

64. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

65. Plaintiff was employed by Defendant Valley Health System, LLC, as defined by N.R.S. § 613.310.

66. Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

67. Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

68. Plaintiff requested reasonable accommodation for his disability.

69. Defendant Valley Health System, LLC failed to provide reasonable accommodation for Plaintiff's disability.

70. The failure of Defendant Valley Health System, LLC to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

71. The acts of Defendant Valley Health System, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

72. The acts of Defendant Valley Health System, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Valley Health System, LLC, and to make an example of and deter Defendant Valley Health System, LLC from engaging in such conduct in the future.

73. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Justin Froby against Defendant Valley Health System, LLC)**

74. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

75. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

76. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

77. Defendant Valley Health System, LLC employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

78. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

79. Plaintiff requested reasonable accommodation for his disability.

80. Defendant Valley Health System, LLC failed to provide reasonable accommodation for Plaintiff's disability.

81. The failure of Defendant Valley Health System, LLC to provide reasonable

accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

82.    The acts of Defendant Valley Health System, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

83.    The acts of Defendant Valley Health System, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Valley Health System, LLC, and to make an example of and deter Defendant Valley Health System, LLC from engaging in such conduct in the future.

84.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### EIGHTH CLAIM FOR RELIEF

**Interference with FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)**

**(Plaintiff Justin Froby against Defendant Valley Health System, LLC)**

85.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

86.    Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

87.    Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

88.    Defendant Valley Health System, LLC was an employer, as defined by 29 U.S.C. § 2611(4), and thus was barred from interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

89.    Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

90.    As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Defendant Valley Health System, LLC engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave.

91.    The conduct of Defendant Valley Health System, LLC constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

92.    The acts of Defendant Valley Health System, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

93.    The acts of Defendant Valley Health System, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Valley Health System, LLC, and to make an example of and deter Defendant Valley Health System, LLC from engaging in such conduct in the future.

94.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

/ / /

/ / /

-13-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## NINTH CLAIM FOR RELIEF

### FMLA Retaliation in Violation of 29 U.S.C. § 2615(a)(2)

### (Plaintiff Justin Froby against Defendant Valley Health System, LLC)

95.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

96.     Plaintiff is a member of the classes of persons protected by federal statutes prohibiting retaliation for exercising rights under the Family and Medical Leave Act (FMLA).

97.     Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

98.     Defendant Valley Health System, LLC was an employer, as defined by 29 U.S.C. § 2611(4), and thus was barred from retaliating against any person for opposing practices that are unlawful under the FMLA or for instituting or participating in FMLA proceedings or inquiries.

99.     Plaintiff opposed practices that are unlawful under the FMLA, including but not limited to, engaging in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave

100.    As a result of Plaintiff's opposition of unlawful practices, Defendant Valley Health System, LLC engaged in a course of retaliatory conduct, which included but was not limited to subjecting Plaintiff to adverse employment actions such as demotion, reduction in pay, denial of promotion, and/or termination.

101.    The conduct of Defendant Valley Health System, LLC constitutes retaliation in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to retaliate against an employee for exercising or attempting to exercise any rights provided under the FMLA.

102.    The acts of Defendant Valley Health System, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

-14-

103.   The acts of Defendant Valley Health System, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Valley Health System, LLC, and to make an example of and deter Defendant Valley Health System, LLC from engaging in such conduct in the future.

104.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

105.   Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-15-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.    Liquidated damages;

3.    Emotional distress damages;

4.    Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5.    For an award of reasonable attorneys' fees and costs incurred in this action;

6.    For pre-judgment and post-judgment interest, as provided by law; and

7.    For other and further relief as the Court may deem just and proper.

DATED: March 2, 2026                GREENBERG GROSS LLP


By:    */s/ Jemma E. Dunn*
       Jemma E. Dunn
       Matthew T. Hale
       John M. Orr

       Attorneys for Plaintiff
       Justin Froby

-16-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Justin Froby hereby demands a jury trial.


DATED: March 2, 2026                    GREENBERG GROSS LLP



                                        By:   /s/ Jemma E. Dunn
                                              Jemma E. Dunn
                                              Matthew T. Hale
                                              John M. Orr

                                              Attorneys for Plaintiff
                                              Justin Froby

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL